No. 10,710.

W. W. WASHBURN VS. CITY OF NEW ORLEANS ET ALS.

1.  Shooks are boxes knocked down.  They are pieces of wood which are cut or sawed into sizes and shapes by means of machinery, and packed in bundles, either for shipment or manufacture into boxes.  They are such " articles of wood " as are contemplated in Article 207 of the Constitution.

Washburn vs. City et als.

2. When capital, machinery and other property are employed partly in the manufacture of articles of wood which are exempt, and partly of those which are not, the court may apportion the amount of each.

3. Capital, machinery and other property which are employed in the manufacture of paper boxes are not exempt from property taxation under Article 207 of the Constitution.

APPEAL from the Civil District Court for the Parish of Orleans. Voorhies, J.

Horace E. Upton for Plaintiff and Appellee:

1. Under Article 207 of the Constitution, the capital, machinery and other property employed in the manufacture of articles of wood is exempt from taxation, although the same be used as well for purposes which would not entitle the owner to exemption if he exclusively thus used it. In such case such property is partly taxable and partly not, in proportion to its relative value as employed or used in each business. Principle applied to a saw mill and appurtenances employed to manufacture raw materials and articles of wood. Martin vs. New Orleans et als., 38 An. 397 and 398.

2. In the instant case the relative value of the property employed in the saw mill business proper is 25 per cent., while that used in the manufacture of articles of wood is 75 per cent. Only 25 per cent. of said property is liable to taxation under Article 207 of the Constitution. Martin vs. New Orleans et al., 38 An. 397 and 398. The making of wooden and paper boxes, like the making of newspapers, to use the language of this court, " is a business, the process of making them employs machinery, and extensive manual labor and large quantities of physical raw material which are placed in new combinations, and that the newspaper when made (like wooden and paper boxes) is a new and distinct article of commerce sold by the makers thereof directly to dealers and consumers; considering that such business falls within the reason and motive of the Constitution, which was to encourage enterprises, furnishing employment to home labor in the making of things which the people use and require, and which, if not made at home, would be bought from abroad; considering that the Constitution in Article 207 uses the term 'manufacture' in a broader sense than that attached to it in common parlance, embracing under that term such business as boat building, stationers and makers of chocolate, etc., and considering that the Legislature obviously considered this business as well as that of book publishers to be exempt by expressly enumerating among businesses taxed, editors and agencies for publications, and making no mention of home publishers of either newspapers or books. Held, that newspaper publishers are exempt from license taxation under Article 206 of the Constitution." 42 An. p. —, not yet reported. Opinion read April 7, 1890, final May 22, 1890. Recorded book 63, folio 510, No. 10,530, State vs. Dupré & Hearsey.

3. An application of the principles recognized and maintained in the foregoing authorities entitles plaintiff absolutely and unconditionally to the exemptions claimed herein. His paper box manufactory is exempt from license and taxation in its entirety. His saw mill and appurtenances are exempt from license and taxation according to the relative value of the property used and employed for manufacturing purposes, for the manufacture of articles of wood, which is shown to be 75 per cent., while that employed in the saw mill business proper is 25 per cent. Three-fourths of said property is therefore exempt from license and taxation under the Constitution and authorities cited.

Washburn vs. City et als.

*W. B. Sommerville*, Assistant City Attorney, and *Carleton Hunt*, City Attorney, for Defendants and Appellants:

1. Where a party claims that an assessment includes property exempt from taxation, he must make his case certain. Carré vs. City of New Orleans, 42 An.

2. Shooks are not manufactured articles of wood, and entitled to exemption from taxation under Article 207 of the Constitution. Worcester, vide: shooks; Le Blanc vs. Beck, 24 An. 596;·Martin vs. N. O., 38 An. 399; Carré vs. N. O., 41 An. 996; 6 So. R.

3. A real tender is one made to the creditor in current money of the United States for the amount due, with interest, and in the presence of two witnesses. C. P 406, 407.

---

The opinion of the court was delivered by

WATKINS, J.    This is an injunction suit, seeking to restrain the City of New Orleans and the State from selling plaintiff's property for the delinquent property taxes of 1887 and 1888, on the ground that the same is exempt from taxation under the 207th article of the Constitution, which declares that " there shall be exempt from taxation and license for a period of ten years from the adoption of this Constitution, the *capital, machinery, and other property employed in the manufacture* of textile fabrics, leather, shoes, harness, saddlery, hats, flour, machinery, agricultural implements and furniture, *and other articles of wood*, marble or stone; soap, stationery, *ink and paper*," etc.

His representations are that during those years he was the owner of a saw and planing mill situated in the sixth district of the City of New Orleans, which was assessed at the aggregate valuation of $17,300; and that he was the owner of a box factory situated in the first district of said city, which was in those years assessed at the aggregate valuation of $2200.

With regard to the *former* plaintiff alleges "that more than three-fourths of the material which is sawed, resawed and received in said mill is planed, edged and dressed; and that when it leaves said mill it is ready for immediate use by the consumer or manufacturer.

" That the greater portion of said planed and dressed lumber and material was, during the years 1887 and 1888, used by petitioner in his box manufactory and *otherwise;* and that the remainder thereof was used by other parties in the manufacture of articles of wood;" and not more than " one-fourth of the lumber and material which leaves said mill, and which is sawed therein, leaves it in a rough, un-

Washburn vs. City et als.

dressed, unfinished condition, not ready for immediate use by the manufacturer or consumer." Brief, p. 3.

He therefore avers that three-fourths of the property, movable and immovable, that is employed and used in said mill is exempt from taxation.

With regard to the *latter*, he alleges that it was during those years exclusively engaged in the manufacture of wooden and paper boxes, and that the whole was exempt from taxation and license.

He alleges a previous legal tender, made to the legal representatives of the State and city, of the amount of State and city *taxes* due on the one-fourth interest in the saw mill and planing mill and appurtenances, namely, on one-fourth of $17,300, and that same was refused and a seizure made of the real estate, which was assessed.

The District Judge decreed the assessment of the box factory null to the extent of one-half of its assessed value, and reduced it to $1100, and to that extent declared it exempt from State and city *license and taxation;* and he decreed the assessment of the saw and planing mill null to the extent of three-fourths of its assessed value, and reduced it to $4325, and to that extent declared it exempt from State and city license and taxation.

From this judgment the City of New Orleans alone appeals, and in this court plaintiff and appellee filed an answer, requesting an amendment of the judgment in his favor, so as to exempt from license and taxation his box factory in its entirety.

## I.

The assessments of plaintiff's saw and planing mill are as follows, to-wit:

| | |
|---|---|
| Real estate | $9,000 00 |
| Horses, etc | 200 00 |
| Vehicles | 100 00 |
| Stock in trade | 4 000 00 |
| Machinery | 4,000 00 |
| Total assessment | $17,300 00 |

The assessment is just the same for each of the years—1887 and 1888.

From the evidence it appears that the saw mill cuts lumber from saw logs, and then a portion of it is cut into suitable shapes and sizes for boxes and put into bundles. These are called shooks. Of these a large portion is sent to the plaintiff's box factory on Maga-

zine street, where these pieces are put together and made into boxes. Many of the shooks are shipped in car load lots for sale. . Shooks are boxes knocked down, not nailed up. About three-fourths of the property of the saw and planing mill is devoted to this business exclusively. A statement of the whole business for the years 1887 and 1888 are in evidence, and they are as follows, to-wit:

Statement taken from the books of 1887—

| | |
|---|---:|
| Total amount sales paper boxes manufactured | $8,000 00 |
| Total amount cigar boxes manufactured | 37,711 56 |
| Total amount wood boxes and shooks manufactured | 16,787 96 |
| Total sales lumber | 5,330 11 |
| Total sawing done by mill for outsiders | 9,227 90 |
| | $77,057 53 |

Statement taken from books of 1888—

| | |
|---|---:|
| Total amount sales paper boxes manufactured | $8,000 00 |
| Total amount cigar boxes manufactured | 7,766 06 |
| Total amount wood boxes and shooks manufactured | 30,112 53 |
| Total amount sales lumber | 1,898 90 |
| Total sawing done by mill for outsiders | 9,186 29 |
| | $56,963 78 |

The statement for 1887 shows that of the sum total of business done by the saw and planing mill, only $14,558 was realized from the sale of lumber in its *crude* state, and for sawing logs sent to the mill by other people. The correctness of this statement is fully borne out by the testimony of witnesses.

The contention of the City Attorney is that this property of the plaintiff was not employed in the manufacture of "articles of wood" in the sense of the 207th article of the Constitution; in other words, that "shooks" are not such articles of wood as the framers of the constitutional article intended to exempt from taxation.

The District Judge was of opinion that "shooks are articles of wood ready for use by the consumer, who has but to put them in boxes. They need no further manipulation or labor on them as shooks, precisely as is the case of sashes, windows and blinds, which also require as such no further manipulation or labor, but must nevertheless be put up for use."

He arrived at this conclusion from what was said by us in Carre vs. City, 41 An. 996, in the determination of a similar question, and which was predicated on Martin vs. New Orleans, 38 An. 398, in which sashes, doors and blinds were declared exempt, as being within constitutional intendment.

In the Carre case we said: "The articles of wood mentioned in the article of the Constitution are, therefore, those which like furniture were intended for separate use, and are ready for use by the

Washburn vs. City et als.

purchaser without further manipulation or labor on them, namely, which are complete in themselves.''

The great similarity between shooks and sashes, doors and blinds, that the District Judge suggests is apparent. True, shooks are not wooden boxes; but they are '' articles of wood;'' articles cut by machinery from sawed planks, and fashioned into shapes and sizes suitable for making boxes, by the simple process of nailing them together.

We think the view he entertained was correct. But as the testimony shows that of the total output one-fourth of the material was in its crude form, and therefore not articles of wood, which are exempt, the judge correctly apportioned the exempt property at three-fourths of the value assessed, and reduced the assessment of the saw and planing mill to one-fourth. The proof satisfies us that fully three-fourths of '' the capital, machinery and other property '' of plaintiff's saw and planing mill was employed in 1887 and 1888 in the manufacture of articles of wood within the meaning of the Constitution, and to that extent same is and was exempt from property taxation for and during those years.

## II.

Plaintiff's box factory was assessed for the years 1887 and 1888 as follows, viz:

| | |
|---|---:|
| Animals | $400 00 |
| Vehicles | 300 00 |
| Stock in trade | 1,000 00 |
| Money in possession | 500 00 |
| Total assessment | $2,200 00 |

This factory was exclusively engaged in the manufacture of paper boxes, wooden boxes and cigar boxes during those years.

The statements in the record show that there were manufactured at this establishment each year paper boxes of the aggregate value of $8000. The District Judge entertained the opinion and held that as this establishment did not manufacture *paper*, but out of paper manufactured by others *paper boxes* were manufactured, said articles do not come within the terms of the constitutional exemption relative to paper. On this hypothesis he reduced the assessment of the box factory one-half, namely, to $1100, considering that 50 per cent. in amount of the capital, machinery and other property in this factory was thus employed in those years.

The Constitution declares that "the capital, machinery and other property employed in the manufacture of * * * furniture and *other articles of wood,* * * * *ink and paper*," etc., shall be exempt from taxation. Surely the manufacture of *paper boxes* is not the manufacture of "*paper.*"

In Cohn & Feibleman vs. Tax Collector, 41 An. 894, we had under consideration and decided this identical question as appertaining to the term textile fabrics, which is used in Article 207 of the Constitution. In that case the contention of the plaintiffs was that their property was exempt from taxation for the reason that it was employed in "*manufacturing jeans clothing out of raw materials.*" We said that the article of the Constitution does not in terms exempt from taxation property engaged "in the manufacture of coats and pants, or jeans clothing.

"And to say that it exempts (property engaged in) the manufacture of *coats and pants* out of jeans already manufactured by another would be to read into the article an additional exemption not contained in it. Or to say that the making of coats and pants *out of* a textile fabric already manufactured is 'the manufacture of textile fabrics,' in the sense of the Constitution, would be to confound its terms completely; for the making of the coats and pants presupposes the *previous existence* of the fabric out of which they are cut and made; and the manufacture of the fabric presupposes the *subsequent cutting and making* of the coats and pants. Hence it is quite clear that one can not be taken for the other."

It is equally clear that property which is employed in the manufacture of *paper boxes* can not be said, at one and the same time, to be employed in the manufacture of *paper*. True it is that the boxes are made or manufactured of paper; but in the process of making the boxes the paper must be cut and otherwise manipulated. Paper boxes are not among the articles which are exempted by this article *eo nomine.*

In this connection our attention is attracted to what was said upon a *germane* subject in our opinion of the recent case of State vs. Dupre, 42 An., as exercising control over the question we have here. But in that case the question was whether the defendants were or not exempt from the payment of "a *license* tax under the exemption provided in the 206th article of the Constitution, which declares that "*all persons* * * pursuing any trade, profession, etc. * *

*except* clerks, laborers, etc. * * and those engaged in mechanical and mining pursuits *and manufacturers other than those* of distilled alcoholic or malt liquors," etc., shall pay a license tax.

It will be observed that *all manufacturers* are in terms excepted, unless they are included within the express reservation of that article. That article relates exclusively to the *persons* who are liable for the payment of *licenses*, while Article 207 relates to *the capital, machinery and other property employed in the manufacture*" of certain articles. Hence, the burthen of our opinion in that case was the determination of "the legal definition of the term *manufacturer*," as it is read in Article 206; and it had no reference to the exemption of *property employed in manufacture*, as specified in Article 207.

While it is true that the defendants in that case were held to be *manufacturers* in the sense of Article 206, and were relieved from the payment of the licenses which were exacted of them *personally*, and that, therefore, they were necessarily considered to be the manufacturers of a newspaper, it does not follow that plaintiff's property, which is employed in the manufacture of *paper boxes*, must be exempt from *property taxation*, even though the plaintiff be considered to be a *manufacturer* of paper boxes. This constitutional provision exempts property which is employed in the manufacture of "*articles* of wood," and it also exempts property which is employed in the manufacture of "paper," *not* property employed in the manufacture of *articles of paper*.

Our conclusion is that the judge *a quo* decided this question correctly.

## III.

In the lower court there was some controversy as to the admissibility of evidence touching the *value* of the plaintiff's property. This is a suit to have declared exempt a certain proportion of the property which was assessed, on the ground that same was exempt from taxation. The assessment is not otherwise questioned. The *correctness* of the assessment is not raised. The judge correctly ruled, however, that the objection went to the *effect* of the evidence only.

The proof of tender fails for the reason that it only shows an offer of one-fourth of the taxes which were claimed against the saw and planing mill.

Judgment affirmed.